UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 13, 2018

LETTER TO COUNSEL

RE: *Charla Rae Werner v. Commissioner, Social Security Administration*,[1]
Civil No. SAG-17-1806

Dear Counsel:

On June 30, 2017, Plaintiff Charla R. Werner petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits ("DIB"). [ECF No. 1]. I have considered the parties' cross-motions for summary judgment and Plaintiff's Reply [ECF Nos. 16, 19, 20]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the SSA's decision, and remand the case to the SSA for further consideration. This letter explains my rationale.

Ms. Werner protectively filed her claim for DIB on January 27, 2014, alleging a disability onset date of July 20, 2008. (Tr. 121-27). Her claim was denied initially and on reconsideration. (Tr. 37-43, 44-51). A hearing was held on April 12, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 22-36). Following the hearing, the ALJ determined that Ms. Werner was not disabled within the meaning of the Social Security Act (the "Act") during the relevant time frame. (Tr. 8-21). The Appeals Council denied Ms. Werner's request for review, (Tr. 1-5), so the ALJ's 2016 decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Ms. Werner suffered from the following medically determinable impairments: "COPD; anxiety disorder; and affective disorder." (Tr. 13). The ALJ determined, however, that Ms. Werner's impairments were nonsevere. (Tr. 13-18). Therefore, the ALJ concluded that Ms. Werner was not disabled within the meaning of the Act. (Tr. 18).

On appeal, Ms. Werner's sole argument is that the ALJ erred at step two of the sequential evaluation by concluding that her medically determinable impairments were nonsevere. Pl.'s Mem., [ECF No. 16-1 at 7-13]. I agree.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

At step two of the sequential evaluation, the ALJ must determine whether a claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is "severe" if it significantly limits an individual's ability to perform basic work activities; an impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 416.921; SSR 85-28 (S.S.A. 1985); SSR 96-3P (S.S.A. July 2, 1996); SSR 96-4P (S.S.A. July 2, 1996); *see also Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984) ("[A]n impairment can be considered as 'not severe' only if it is a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.") (citation and internal quotations omitted) (emphasis in original). Importantly, a claimant's burden of showing a severe impairment at step two is only a "*de minimis* screening device used to dispose of groundless claims." *Taylor v. Astrue*, No. BPG-11-032, 2012 WL 294532, at *8 (D. Md. Jan. 31, 2012) (quoting *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005); *see also Felton-Miller v. Astrue,* 459 F. App'x 226, 230 (4th Cir. 2011) ("Step two of the sequential evaluation is a threshold question with a *de minimis* severity requirement."). SSR 85-28 provides that:

> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued. In such a circumstance, if the impairment does not meet or equal the severity level of the relevant medical listing, sequential evaluation requires that the adjudicator evaluate the individual's ability to do past work, or to do other work based on the consideration of age, education, and prior work experience.

SSR 85-28 (S.S.A. 1985). Thus, any doubt or ambiguity in the evidence at step two should be resolved in the claimant's favor, and the ALJ should continue with the sequential evaluation. SSR 85-28.

Ms. Werner alleged both mental and physical impairments. Pursuant to the Social Security regulations, the ALJ must employ the "special technique" when evaluating the severity of a claimant's mental impairment. 20 C.F.R. § 1520a; *see also Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017). In applying the special technique, the ALJ must rate a claimant's degree of limitation in each of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(A). A claimant's degree of limitation in each area is based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree

of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. § 404.1520a(c)(4).

Importantly, Social Security regulations provide that "a claimant's mental impairment should be found non-severe when it results in no or mild limitations in the [] functional areas and in no episodes of decompensation." *Jackson v. Comm'r, Soc. Sec. Admin.*, JMC-15-3236, 2016 WL 4435520, at *3 (D. Md. Aug. 22, 2016) (citing 20 C.F.R. § 404.1520a(d)(1)). If the ALJ concludes that a mental impairment exists, he "must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document [his] findings." *Patterson*, 846 F.3d at 659 (quoting § 404.1520a(b)(1)). Additionally, the ALJ must document "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation . . . ." *Id.* (quoting § 404.1520a(e)(4)).

Here, the ALJ noted that Ms. Werner "had medically determinable mental impairments," including anxiety disorder and affective disorder. (Tr. 13, 17). The ALJ, however, failed to properly apply the special technique. In particular, the ALJ stated that there was "insufficient evidence to determine" Ms. Werner's degree of limitation in: (1) activities of daily living; (2) social functioning; and (3) concentration, persistence, or pace. (Tr. 17). Because there was "insufficient evidence of limitation regarding [Ms. Werner's] medically determinable mental impairments in any of the first three functional areas[,]" the ALJ concluded that they were nonsevere. (Tr. 17-18). The ALJ's conclusion contravenes step two's *de minimis* threshold requirement. *See Felton-Miller,* 459 F. App'x at 230 ("Step two of the sequential evaluation is a threshold question with a *de minimis* severity requirement."). As the ALJ demonstrated, the record documents evidence of Ms. Werner's mental health impairments. *See* (Tr. 15) ("From 2002 to 2014, [Ms. Werner] received intermittent treatment for anxiety disorder and panic attacks . . . .") (citing Ex. 3F); (Tr. 47) (state agency consultant documenting Ms. Werner's affective disorders as "severe"); (Tr. 25) (Ms. Werner testifying that she suffers from "severe panic attacks with depression"). In light of Ms. Werner's *de minimis* showing of her mental impairments and the ALJ's inability to clearly determine the effect of these impairments at step two, the ALJ should have continued the sequential evaluation process. *See* SSR 85-28 (S.S.A. 1985) ("If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued."). Accordingly, remand is required.[2] In remanding for additional analysis, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Werner is not entitled to benefits is correct.

---

[2] I have considered the SSA's contention that the ALJ's error is harmless. *See* Def.'s Mem., [ECF 19-1 at 9-10]. While it may be highly unlikely that the ALJ would shift his opinion from "no severe impairments" to "disabled," the lack of appropriate application of the special technique does not permit me to assess whether the ALJ would have reached a "not disabled" conclusion at the end of the sequential evaluation. Importantly, it is not my role to "engage[] in an analysis that the ALJ should have done in the first instance." *Fox v. Colvin*, 632 F. App'x 750, 755 (4th Cir. 2015). Rather, the ALJ must provide sufficient reasoning to "reveal *why* he was making his decision." *Id.* (emphasis in original). Here, the repeated findings of "insufficient evidence" do not permit me to conclude that the ALJ intended findings of "mild" or "no" limitations.

Ms. Werner argues that the ALJ also erred at step two by failing to conclude that her COPD was severe. Pl.'s Mem., [ECF No. 16-1 at 11-13]. Because the case is being remanded on other grounds, I need not address this argument. On remand, the ALJ should review the COPD analysis at step two and should correct any deficiencies.

For the reasons set forth above, Ms. Werner's Motion for Summary Judgment [ECF No. 16] is DENIED and Defendant's Motion for Summary Judgment [ECF No. 19] is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge